IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CUMBERLAND DIVERSIFIED METALS, INC.** | ) | CASE NO. |
| **4925 Pointe Parkway** | ) | |
| **Cleveland, Ohio 44128** | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **Stainless Sales Corporation** | ) | **Complaint** |
| **2301 Windsor Court, Unit B** | ) | |
| **Addison, Illinois 60101** | ) | |
| | ) | |
| **Please Serve Statutory Agent:** | ) | |
| | ) | |
| **National Corporate Research** | ) | |
| **600 South Second Street, Suite 404** | ) | |
| **Springfield, Illinois 62704** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **North Shore Community Bank and Trust** | ) | |
| **A Branch of Wintrust Bank** | ) | |
| *Creditor in Possession of Stainless Sales* | ) | |
| *Corporation* | ) | |
| **7800 Lincoln Avenue** | ) | |
| **Skokie, IL 60077** | ) | |
| | ) | |
| **Please Serve Statutory Agent for North** | ) | |
| **Shore Community Bank, as Creditor in** | ) | |
| **Possession:** | ) | |
| | ) | |
| **Greg Apathy** | ) | |
| **High Ridge Partners, Inc.** | ) | |
| **The Marquette Building** | ) | |
| **140 South Dearborn Street** | ) | |
| **Chicago, IL 60603** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **John Does (1-10)** | ) | |

1

**Names and Addresses Unknown**       )
                                      )
**Defendants**                        )

Now comes the Plaintiff, by and through counsel, and for its claims for relief, state the following:

PARTIES

1. Plaintiff, Cumberland Diversified Metals, Inc. is an Ohio corporation for profit in good standing. Plaintiff's principal place of business is located in Cleveland, Ohio. Plaintiff is in the business of purchasing and re-selling various grades of stainless steel and other metals in interstate commerce, and is a "Merchant" as defined in Ohio's uniform commercial code.

2. Defendant Stainless Sales Corporation ("SSC") is an Illinois corporation for profit. Defendant's principal place of business is located in Chicago, Illinois. Defendant is also in the business of purchasing and re-selling various grades of stainless steel and other metals in interstate commerce, and is a "Merchant" as defined in Ohio's uniform commercial code.

3. John Does (1-10) are the sole shareholders and/or agents of SSC, whose names and addresses are not known to Plaintiff, but are known to SSC. John Does (1-10) are persons and/or entities who directed that SSC order steel from Plaintiff when SSC was known to be insolvent, and who thereafter signed a voluntary assignment for the benefit of a creditor: namely defendant North Shore Community Bank and Trust, A Branch of Wintrust Bank ("Bank").

4. Defendant Bank is a creditor in possession of SSC by virtue of a contractual voluntary assignment for the benefit of creditors. Bank is claiming to be performing a liquidation of SSC, including a liquidation of Plaintiff's property.

## JURISDICTION, VENUE AND CHOICE OF LAW

5. This court has original jurisdiction based on diversity of citizenship of the parties pursuant to 28 USC § 1332(a)(1), as:

    a. The parties are citizens of different states, and

    b. The amount in controversy far exceeds seventy five thousand dollars ($75,000.00). More specifically, as will be more fully described below, the disputes at issue involve the delivery of steel invoiced for Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87).

6. Venue is proper in the Northern District of Ohio Eastern Division pursuant to 28 USC §1391(b)(2), as this is the district where a substantial part of the events or omissions giving rise to the claim occurred. More specifically, SSC issued purchase offers to Plaintiff on multiple occasions at its Cleveland offices and Plaintiff fulfilled SSC's purchase orders from its Cleveland, Ohio office.

7. Ohio state law is to apply in this litigation.

## FACTS COMMON TO ALL CLAIMS

8. SSC issued purchase order 0031252 on September 19, 2016 for 11,055 pounds of 316L-2B 8 GA X 48 X CL steel at $1.79/pound, for a total purchase of $19,788.45. Plaintiff issued invoice number 45257 for $19,788.45 plus $198.00 of Freight on October 3, 2016. Said Purchase order and invoice are attached hereto as Exhibit 1.

9. SSC issued purchase order 0031303 on October 18, 2016 for 27,180 pounds of 304L-2B   10 GA X 48 X CL (3 coils) steel at $0.99/pound, for a total purchase of $26,908.20. Plaintiff issued invoice number 45338 for $26,908.20 on October 20, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 2.

10. SSC issued purchase order 0031306 on October 18, 2016 for 23,440 pounds of 316L-2B   18 GA X 48 X CL steel at $1.23/pound, for a total purchase of $28,831.20.  Plaintiff issued invoice number 45339 for $28,831.20 on October 20, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 3.

11. SSC issued purchase order 0031304 on October 18, 2016 for 19,605 pounds of 316L-2B   7 GA X 48 X CL steel at $1.23/pound, for a total purchase of $24,114.15.  Plaintiff issued invoice number 45340 for $24,114.15 on October 20, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 4.

12. SSC issued purchase order 0031301 on October 18, 2016 for 35,965 pounds of 304-2B   10 GA X 36 X CL (2 coils) steel at $1.00/pound, for a total purchase of $35,965.00. Plaintiff issued invoice number 45347 for $35,965.00 on October 24, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 5.

13. SSC issued purchase order 0031302 on October 18, 2016 for 24,972 pounds of 304-2B   12 GA X 39.37 X CL (2 coils) steel at $1.00/pound, for a total purchase of $24,972.00.  Plaintiff issued invoice number 45349 for $24,972.00 plus $850.00 in freight, for a total of $25,822.00 on October 24, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 6.

14. SSC issued purchase order 0031303 on October 18, 2016 for 54,313 pounds of 304L-2B   10 GA X 48 X CL (3 coils) steel at $0.99/pound, for a total purchase of $53,769.87.

Plaintiff issued invoice number 45376 for $53,769.87 plus $1,050.00 in freight, for a total of $54,819.87 on November 1, 2016.  Said Purchase order and invoice are attached hereto as Exhibit 7.

15. On November 10, 2016, SSC, by and through John Does (1-10), executed a voluntary contractual Assignment for Benefit of Creditors with its lender, Bank, and Bank has placed a receiver in the company who is in the process of winding down operations and liquidating the assets of the SSC.

16. Plaintiff was in no way made aware that the SSC and John Does (1-10) was anticipating making such an assignment to its lender.  To the contrary, immediately prior to shipping the steel identified on Exhibits 2 through 7, Plaintiff was given direct assurance from SSC's President that it would be paid in full within 30-45 days from SSC, which assurance and the working history between Plaintiff and SSC and/or John Does (1-10) induced Plaintiff to ship this material.

17. Plaintiff now believes that it will not be paid for the aforementioned steel, and that the Bank's liquidating receiver will attempt to resell the steel for the purposes of paying itself rather than Plaintiff.

18. On November 14, 2016, Plaintiff issued a reclamation letter to SSC pursuant to UCC Section 2-702(2).  A copy of said reclamation letter is attached hereto as exhibit 8.

19. SCC has breached and/or anticipatorily repudiated its agreement with Plaintiff by virtue of executing its assignment for the benefit of creditors.

20. According to the subsequent email notice issued by the receiver, said assignment for the benefit of creditors is being voluntarily performed under Illinois state law outside of the court system.

21. In total, Plaintiff is owed Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87) as of November 16, 2016 from Defendant.

## COUNT I

(Breach of Contract/Account)

22. Plaintiff incorporates by reference all allegations contained herein as if rewritten fully.

23. The aforementioned assignment for the benefit of creditors constitutes a material breach of the contract/account between Plaintiff and SSC.

24. As the direct and proximate result of SSC's breaches of contract, Plaintiff has suffered contract damages in the amount of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87).

## COUNT II

(Replevin)

25. Plaintiff incorporates by reference all allegations contained herein as if rewritten fully.

26. Pursuant to Ohio Revised Code §1302.76(B), Plaintiff is entitled to an order of replevin for the metal specified in Exhibits 1 through 7.

## COUNT III

(Breach of Commercial Duty of Good Faith)

29. Plaintiff incorporates by reference all allegations contained herein as if rewritten fully.

30. Pursuant to Ohio Revised Code §1301.304, "Every contract or duty within Chapters 1301, 1302, 1303, 1304, 1305, 1307, 1308, 1309, and 1310 of the Revised Code imposes an obligation of good faith in its performance and enforcement."

31. Pursuant to Ohio Revised Code §1301.201(20), Good Faith "means honesty in fact and the observance of reasonable commercial standards of fair dealing."

32. Ohio also has a common law duty of good faith.

33. SSC and John Does (1-10), in bad faith, misrepresented SSC's solvency its ability to pay to Plaintiff so as to cause Plaintiff to deliver the steel identified in Exhibits 1 through 8.

34. SSC and John Does (1-10) have breached both the statutory and common law duties of good faith and fair dealing by misrepresenting its solvency and ability to pay, so as to cause Plaintiff to deliver the aforementioned steel.

35. SSC and John Does (1-10) have breached both the statutory and common law duties of good faith and fair dealing maliciously, as they knew they were about to execute an assignment for the benefit of creditors, but chose to conceal this fact and misrepresent SSC's solvency to cause Plaintiff harm.

36. As the direct and proximate result of SSC and John Does (1-10)'s breaches of the duties of good faith and fair dealing, Plaintiff has suffered damages in the amount of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87).

## COUNT IV

(Temporary Restraining Order, Preliminary Injunction, Permanent Injunction)

37. Plaintiff incorporates by reference all allegations contained herein as if rewritten fully.

38. Plaintiff will suffer immediate and irreparable injury for which there is no remedy at law if SSC, Bank and John Does (1-10) are not immediately restrained from selling or otherwise transferring the metals detailed in Exhibits 1 through 7 to anyone other than Plaintiff as the identified steel provided to SSC is unique and the harm caused to the small business and operations of Plaintiff with the loss of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87) in unique steel causes harm that cannot be adequately compensated with money.

39. There is a substantial likelihood that Plaintiff will prevail on the merits of the claims set forth herein as well as his claims for preliminary and permanent injunctive relief.

40. The grant of a temporary restraining order, preliminary injunction and permanent injunction will cause no substantial harm to others, whereas the failure to grant the requested temporary restraining order, preliminary injunction and permanent injunction will certainly cause injury to Plaintiff's business operations.

41. The public interest will be served by the grant of the requested temporary restraining order, preliminary injunction and permanent injunction, as it will demonstrate that businesses may not misrepresent their solvency to vendors to fraudulently induce the vendors to provide credit to them.

42. Accordingly, Plaintiff is entitled to a temporary restraining order, preliminary injunction and permanent injunction enjoining SSC, Bank and John Does (1-10) from selling or otherwise transferring the metals detailed in Exhibits 1 through 7 to anyone other than the Plaintiff.

COUNT V

(Fraud)

43. Plaintiff incorporates by reference all allegations contained herein as if rewritten fully.

44. The aforementioned misrepresentations by SSC and/or John Does (1-10) about SSC's solvency and/or the promptness of expected payment were intentionally made knowing that they would induce Plaintiff to furnish the steel identified in Exhibits 1 through 7.

45. Plaintiff actually and justifiably relied upon these intentional misrepresentations by SSC and/or John Does (1-10).

46. Said misrepresentations by SSC and/or John Does (1-10) were made maliciously.

47. As the direct and proximate result of SSC and/or John Does (1-10)'s fraudulent misrepresentations, Plaintiff has suffered damages in the amount of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87).

WHEREFORE, on Count I, Plaintiff prays for contract damages in the amount of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87), incidental and consequential damages as provided by Ohio Revised Code §1302.89, and any other relief that the court deems just and/or equitable, together with prejudgment and post-judgment interest and costs.

WHEREFORE, on Count II, Plaintiff prays for a court order declaring that pursuant to Ohio Revised Code §1302.76(B), Plaintiff is entitled to an order of replevin for the metal specified in Exhibits 1 through 7, plus incidental and consequential damages as provided by Ohio Revised Code §1302.84.

WHEREFORE, on Count III, Plaintiff prays for compensatory damages in an amount in excess of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87) to be proven at trial, incidental and consequential damages as provided by Ohio Revised Code §1302.84, an award of punitive damages as permitted by Ohio statute, an award of litigation costs including reasonable attorney's fees, and any other relief that the court deems just and/or equitable, together with prejudgment and post-judgment interest and costs.

WHEREFORE, on Count IV, Plaintiff prays for a temporary restraining order, preliminary injunction and permanent injunction against SSC, Bank and John Does (1-10) which enjoins it from selling or otherwise transferring the metals detailed in Exhibits 1 through 7 to anyone other than Plaintiff.

WHEREFORE, on Count V, Plaintiff prays for compensatory damages in the amount of Two Hundred Sixteen Thousand, Two Hundred Forty Eight 87/100 Dollars ($216,248.87), punitive damages in an amount to be determined at trial, an award of legal expense, including but not limited to reasonable attorney's fees, and any other relief deemed equitable.

Respectfully submitted,

//s// Daniel F. Lindner
Daniel F. Lindner (Ohio 0063918)
The Lindner Law Firm LLC
2077 East 4th Street, Second Floor
Cleveland, Ohio 44115
(216) 737-8888 phone, (216) 737-9999 Fax
Daniel@Justuslawyers.com

Attorney for Plaintiff